## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SHENZHEN DAISILI COMMERCIAL CO., LTD, <br><br> Plaintiff, <br><br> v. <br><br> SHENZHENSHIDAPENGXINQUYIFANGBULUOFUSHISHANGXING <br> D/B/A <br> YIFANG, <br><br> Defendant. | **Case No. 1:26-cv-01066** <br><br><br> **FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br><br> **JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT

Plaintiff, SHENZHEN DAISILI COMMERCIAL CO., LTD ("Plaintiff"), hereby files this First Amended Complaint for damages and injunction relief for copyright infringement against Defendant, SHENZHENSHIDAPENGXINQUYIFANGBULUOFUSHISHANGXING D/B/A YIFANG, ("Defendant) and in support of its claims states as follows:

## NATURE OF THE ACTION

1. Plaintiff is the owner of all rights, title, and interest in and to a United States Copyright Registration for specific photographic art. The plaintiff owns the following federal copyright registration number for their original photographic images, including VA0002422339 (the "Copyrighted Image").

2. Plaintiff licenses their Copyrighted Image to clothing companies for commercial use in advertising and marketing.

1

FIRST AMENDED COMPLAINT FOR COPYRIGHT                    Case No. 1:26-cv-01066
INFRINGEMENT

3.      Defendant operates an online storefront ("Online Store") operating on Temu (the "Platform"), which uses Plaintiff's Copyrighted Image without authorization.

4.      Plaintiff has never licensed Defendant to use the Copyrighted Image, nor is Defendant otherwise authorized to display the image.

5.      Defendant's unlawful use of the Copyrighted Image on the Platform deprives Plaintiff of licensing revenue, undermines their ability to issue exclusive licenses, and causes irreparable harm to its livelihood and reputation.

## JURISDICTION AND VENUE

6.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

7.      This Court may exercise personal jurisdiction over Defendant because Defendant directly targets business activities towards consumers in Illinois.

8.      Additionally, Defendant copied and now displays Plaintiff's Copyrighted Image without license or authorization to residents of Illinois through the Platform.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant, since Defendant directly targets business activities toward consumers in the United States, including Illinois, through its operation of or assistance in the operation of the fully interactive, commercial internet store operating under the Defendant domain names and/or the Defendant Internet Store on Temu.com.

10.     Federal Rule of Civil Procedure 4(k)(2) confers personal jurisdiction over Defendant because the claims asserted herein arise under federal copyright law, Defendant would not be subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT

Case No. 1:26-cv-01066

is consistent with the United States Constitution and laws. See *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 622-23 (7th Cir. 2022).

## THE PARTIES

11. Plaintiff is the owner of numerous Group Registrations of Published Photographs ("GRPPH"), specifically United States Copyright Registration No. VA0002422339 (the "Copyrighted Protected Image(s)" or "Group Registrations of Published Photographs") and the GRPPH are attached hereto as **Exhibit 1**. The Registration is valid, subsisting, and in full force and effect.

12. Plaintiff owns all rights, including, without limitation, the rights to reproduce the Copyright in copies, to prepare derivative works based upon the copyrighted works, and to distribute copies of the copyrighted works to the public by sale or other transfer of ownership, or by rental, lease, or lending the protected works.

13. Plaintiff licenses their copyrighted images to clothing suppliers so they can use them to market their products.

14. Plaintiff has issued exclusive licenses over the Copyrighted Image involved in this suit.

15. Loss of exclusivity and control over the images creates serious harm to the Plaintiff, who relies on limiting the availability of the Copyrighted Works to sustain their value.

16. Unauthorized use by the Defendant destroys exclusivity, devalues the Copyrighted Image, and diminishes future licensing opportunities.

17. Plaintiff has neither licensed nor authorized the Defendant to use the Copyright.

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT

Case No. 1:26-cv-01066

18.     The continued distribution of unlicensed Copyrighted Image to sell competing clothing using Plaintiff's work devalues the work that the Plaintiff produces in two ways:

a)  prevents it from being used by the licensees of the artwork to make their high-quality products appear distinct; and

b)  shows future licensees that buying an exclusive license comes with no guarantee of exclusivity.

19.     The damage to Plaintiff of continued infringement is imminent, irreparable, and unquantifiable.

20.     Defendant is a business entity of unknown corporate organization and/or structure, which owns and/or operates the Online Store on the Platform.

21.     Upon information and belief, Defendant resides and/or operates in foreign jurisdictions outside the United States.

22.     Defendant conducts business across the United States, including in this judicial district, through the operation of its Online Store. They have offered to sell and have sold products using illicit copies of the Plaintiff's original Copyrighted Image without permission. See **Exhibit 2** for Defendant info and links to infringing uses of the copyright on the Defendant's Online Store.

23.     Most third-party online marketplace platforms, like the Platform in this case, do not verify new sellers or confirm their identities. This allows infringers to use fake or inaccurate names, business details, and addresses when creating their online stores.

## **DEFENDANT'S UNLAWFUL CONDUCT**

4

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT

Case No. 1:26-cv-01066

24.     The quality of Plaintiff's work and the brands to which they license their work have attracted many illicit infringers who copy and display Plaintiff's Copyrighted Image to sell competing versions of some of the clothing depicted in the Copyrighted Image.

25.     Upon information and belief, Defendant has full knowledge of Plaintiff's ownership and authorship of the Copyrighted Image.

26.     Plaintiff seeks to shut down Defendant's Online Store, where the Defendant displays copies it made of the Copyrighted Image without permission.

27.     Defendant's use of Plaintiff's intellectual property devalues the same by eliminating and/or diluting the exclusiveness of the licenses Plaintiff has issued.

28.     Unless restrained permanently by this Court, Defendant's infringing conduct will continue to cause irreparable harm to Plaintiff.

29.     Upon information and belief, Defendant will continue to infringe Plaintiff's Copyright for commercial purposes unless permanently enjoined.

## COUNT I

### COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, et seq.)

30.     Plaintiff repeats, realleges, and incorporates by reference herein its allegations contained in paragraphs 1 through 29, above.

31.     Plaintiff's Copyrighted Image has substantial value and was produced and created at significant expense.

32.     Plaintiff owns all exclusive rights, including the rights to reproduce the Copyrighted Image into copies, create derivative works based on the copyrighted image, and distribute copies of the Copyrighted Image to the public through sale, transfer of ownership, rental, lease, or lending.

33.     Defendant continues to use the Plaintiff's Copyrighted Image to sell its goods in this and other judicial districts.

5

34.     Defendant's unauthorized use of the Copyrighted Image, for commercial purposes, on its Online Store, constitutes copyright infringement.

35.     On information and belief, the Defendant's infringing acts are willful, deliberate, and committed with prior notice and knowledge of the Copyrighted Image.

36.     Defendant either knew, or should have reasonably known, that the Copyrighted Image was registered with the Copyright Office, as they did not create them, and should have, at a minimum, checked before displaying them.

37.     As a direct and proximate result of their unauthorized and infringing conduct, Defendant has obtained and continues to realize direct and indirect profits and other benefits rightfully belonging to Plaintiff, which Defendant would not otherwise have realized but for its infringement of Plaintiff's Copyrighted Image.

38.     As a result of Defendant's infringement of Plaintiff's exclusive rights under the Copyright Act, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504, together with and award of costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

39.     Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendant's willful copyright infringement.

40.     Additionally, Plaintiff is entitled to and may elect to choose injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation by the Defendant of their infringing work.

41.     Plaintiff has no adequate remedy at law, and, if the Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to his reputation as an artist, because the lack of exclusivity over the Plaintiff's works will devalue his portfolio and future ability to license his work.

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT

Case No. 1:26-cv-01066

42.     Monetary damages cannot remedy reputational damage and the devaluation of one's future works. Instead, they are irreparable injuries lacking adequate remedies at law, without an injunction.

43.     Under 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further displaying the Plaintiff's Copyrighted Image, ordering that Defendant destroy all unauthorized copies, Defendant's copies, plates, and other embodiments of the copyrighted works from which copies can be reproduced, if any, should be impounded and forfeited to Plaintiff as instruments of infringement, and all infringing copies created by Defendant should be impounded and forfeited to Plaintiff, under 17 U.S.C §503.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1.     That the Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a.     using Plaintiff's Copyrighted Image or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not authorized by Plaintiff to be sold in connection with its registered copyright;

   b.     further infringing the Copyright and damaging Plaintiff's reputation and goodwill;

   c.     using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant's stores on the Defendant's Online Stores or the Platform, or any other domain name or online marketplace account that is being used to sell or is the means by which

FIRST AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT

Case No. 1:26-cv-01066

the Defendant could continue to conduct commercial activity using the Plaintiff's Copyrighted Image; and

   d.  operating and/or hosting websites at the Defendant's Internet store and any other domain names registered or operated by the Defendant that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product through the unauthorized use of the Copyright.

   2.  That Defendant, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which the Defendant has complied with paragraph 1 above.

   3.  Entry of an Order that, upon Plaintiff's request, those in privity with the Defendant and those with notice of the injunction, including Temu, AliExpress, Walmart, Amazon, DHgate, eBay, TikTok, and Wish, social media platforms such as Facebook, YouTube, Instagram, TikTok, LinkedIn, X, Internet search engines such as Google, Bing, and Yahoo, web hosts for the Defendant's Online Stores, and domain name registrars ("Third Party Providers"), shall:

   a.  disable and cease providing services for any accounts through which the Defendants engage in commercial activity using the Plaintiff's Copyrighted Image, including any accounts associated with the Defendant;

   b.  disable and cease displaying any advertisements used by or associated with Defendants that display the Copyright; and

   c.  take all necessary steps to prevent links to the Defendant's Online Store from displaying in search results, including, but not limited to, removing links to Defendant's

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT         Case No. 1:26-cv-01066

domain names from any search index.

4.      That Defendant pay to Plaintiff awarded statutory damages of not less than $750 and not more than $30,000 for every infringement of the Copyright under 17 U.S.C. § 504(c), which should be enhanced to a sum of not more than $150,000 by 17 U.S.C. § 504(c)(2) because of the Defendant's willful copyright infringement.

5.      That Plaintiff be awarded its reasonable attorneys' fees and costs.

6.      Award any and all other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff also demands a trial by jury of all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated: February 4, 2026                     Respectfully Submitted

By: */s/ Joseph W. Droter*
Joseph W. Droter (IL Bar No. 6329630)
Katherine M. Kuhn (IL Bar No. 6331405)
Nazly Aileen Bayramoglu (NM Bar No. 151569)
**BAYRAMOGLU LAW OFFICES LLC**
233 S. Wacker Drive, 44th Floor #57
Chicago, IL  60606
Tel: (702) 462-5973 | Fax: (702) 553-3404
Joseph@bayramoglu-legal.com
Katherine@bayramoglu-legal.com
Nazly@bayramoglu-legal.com
*Attorneys for Plaintiff*

FIRST AMENDED COMPLAINT FOR COPYRIGHT                     Case No. 1:26-cv-01066
INFRINGEMENT