**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHENZHEN DAISILI COMMERCIAL CO., LTD, <br><br> Plaintiff, <br><br> v. <br><br> SHENZHENSHIDAPENGXINQU YIFANGBULUOFUSHISHANGXING D/B/A YIFANG, <br><br> Defendant. | **Case No. 1:26-cv-01066** <br><br> **Honorable Judge April M. Perry** <br><br> **Magistrate Maria Valdez** |

## SEALED EXTENSION OF TEMPORARY RESTRAINING ORDER

THIS CAUSE being before the Court on Plaintiff SHENZHEN DAISILI COMMERCIAL CO., LTD's ("Plaintiff") *Ex Parte* Motion to Extend the Temporary Restraining Order against the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Schedule A to the Complaint (collectively, the "Seller Aliases"), and this Court having heard the evidence before it hereby GRANTS Plaintiff's *Ex Parte* Motion and orders that the Temporary Restraining Order ("TRO") entered on February 9, 2026, shall be extended for a period of fourteen (14) days until March 9, 2026, and shall apply to the Defendant identified in Schedule A attached to the TRO.

Rule 65(b)(2) states that a temporary restraining order entered without notice may be extended provided a party can show, prior to expiration of the order, good cause for such an extension. Fed. R. Civ. P. 65(b)(2). This Court finds good cause for an extension and that additional time is needed before a preliminary injunction hearing can be held in this case for at least the reasons stated herein. Specific facts in the Declaration of Joseph W. Droter showed that additional time is needed for third parties to comply

---

[1] The e-commerce store urls are listed on Schedule A hereto under the Online Marketplaces and Domain Names.

with the TRO. Good cause also exists for the extension because there is a significant probability that the Defendant will continue to harm Plaintiff without the TRO in place. Specifically, Defendant may attempt to move any assets from their financial accounts to off-shore bank accounts. As found by the Court in granting the TRO, this possibility of harm is significant. Accordingly, in the interest of justice, extension of the TRO is warranted.

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has presented specific facts in the Declarations of Joseph W. Droter and Bingzhi Hou included with Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendant could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to offshore accounts. Proceedings against those who deliberately traffic in counterfeit merchandise may be useless if notice is given to the adverse party. Accordingly, this Court orders that the TRO shall be extended for a period of fourteen (14) days until March 6, 2026. This TRO will not be further extended absent consent. If the plaintiffs seek to convert the TRO to a preliminary injunction, all requirements for the service of process and the issuance of such an injunction must be satisfied and an appropriate motion must be served at least three business days prior to the expiration of the TRO.

Date: February 20, 2026

_____
Honorable April M. Perry
United States District Judge

2