**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHENZHEN DAISILI COMMERCIAL CO., LTD, <br><br> Plaintiff, <br><br> v. <br><br> SHENZHENSHIDAPENGXINQU YIFANGBULUOFUSHISHANGXING D/B/A YIFANG, <br><br> Defendant. | **Case No. 1:26-cv-01066-AMP-MV** <br><br><br> **Honorable Judge April M. Perry** <br><br> **Magistrate Maria Valdez** |

<u>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**</u>

Plaintiff, SHENZHEN DAISILI COMMERCIAL CO., LTD. ("Plaintiff"), submits this Memorandum of Law in support of its Motion for Preliminary Injunction (the "Motion").

**I.      INTRODUCTION**

Plaintiff initiated this action against SHENZHENSHIDAPENGXINQUYIFANGBULUOFUSHISHANGXING D/B/A YIFANG, ("Defendant"), for infringement of United States Copyright Registration No. VA0002422339, (the "Copyright Registration"). As alleged in Plaintiff's First Amended Complaint [Dkt. No. 12], Defendant is knowingly and willfully offering for sale, selling, and/or importing into the United States, through the unauthorized use of the Copyright Registration by using Plaintiff's Copyright Protected Image on their Online Temu storefront to sell competing inferior products.

1

### a. Procedural History

On February 9, 2026, this Court granted Plaintiff's TRO and Service by Electronic Service, and Expedited Discovery request on an *ex parte* basis [Dkts. 21, 23] then extended the TRO up to and including March 9, 2026 [Dkt. 28]. Plaintiff was able to effectuate service on March 2, 2026, on Defendant. [Dkt. 31].

Substantively, the Service by Publication, Electronic Service, and Expedited Discovery order [Dkt. 21] authorized and directed Plaintiff to provide notice of these proceedings, and the TRO required Plaintiff to provide notice of any preliminary injunction hearing to Defendant by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail to any e-mail addresses provided for Defendant by third parties with the service documents attached in PDF format. Plaintiff effectuated electronic service on Defendant [Dkt. 31] after receiving the issued summons from the court. (Droter Decl. ¶ 6).

Based on the foregoing procedural history, including having effectuated electronic service of process on the Defendant as required by the TRO, Plaintiff respectfully requests the Court now enter a Preliminary Injunction in this matter. Plaintiff further requests, if needed, the Court issue a Minute Order setting a deadline for Defendant to submit any opposition to the Motion. Plaintiff will immediately serve Defendant electronically with the requested Minute Order once if it is issued by the Court. Substantively, as stated earlier, and as argued below, Plaintiff's request for issuance of a preliminary injunction is in full compliance with the applicable standards for granting such relief.

## II. ARGUMENT

### A. This Court has already found that the requirements for a preliminary injunction have been met.

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further illegal conduct by Defendant. To date, similar plaintiffs have presented virtually identical grounds for the issuance of preliminary injunctive relief addressing allegations of Internet-based counterfeiting, and such relief has been granted, by the court in this judicial district. See, *e.g., Wumei Lin v. Hong Kong Jibi Limited,* Case No. 1:25-cv-12390, Dkt. No. 35 (Chang, J.). Plaintiff submits that the prior decision demonstrates the merits of the company's current request for issuance of preliminary injunctive relief by this Court. Accordingly, Plaintiff asserts that the Court should grant the Motion and enter a Preliminary Injunction against Defendant. Further, Plaintiff asserts that no circumstances have changed since Plaintiff had previously requested relief in the form of a Temporary Restraining Order. As such, Plaintiff is unaware of any new information that would affect the Court's original analysis.

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. See, e.g. *Charter Nat'l Bank & Trust v. Charter One Fin.*, Inc., No. 1:01-cv-00905, 2001 WL 527404, \*1 (N.D. Ill. May 15, 2001) (citations omitted). To be entitled to preliminary injunctive relief, the moving party must first show that it has (1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction. *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). As this Court has already entered a TRO on February 9, 2026, it has already found that the above requirements have been satisfied.

If these threshold requirements are met by the moving party, the court then "exercise[s] its discretion whether the balance of the harms weighs in favor of the moving party or whether the nonmoving party or the public interest will be harmed sufficiently such that the injunction should be denied." *Christian Legal Soc'y v. Walker,* 453 F.3d 853, 859 (7th Cir. 2006). "This process involves engaging in what we term the sliding scale approach; the more likely the [moving party] will succeed on the merits, the less the balance of irreparable harms need favor the [moving party's] position." *Ty, Inc. v. Jones Group, Inc.,* 237 F.3d 891, 895 (7th Cir. 2001). The sliding scale approach is not mathematical in nature, rather "it is more properly characterized as subjective and intuitive, one which permits district courts to weigh the competing considerations and mold appropriate relief." Id. at 895-896. The greater the movant's likelihood of succeeding on the merits, the less the balancing of harms need be in his favor. *See Eli Lilly & Co. v. Natural Answers, Inc.*, 233 F.3d 456, 461 (7th Cir. 2000).

As established by the evidence in Exhibit 2 to the First Amended Complaint [Dkt. No. 12-2], the memorandum in support of Plaintiff's motion for TRO [Dkt. No. 18-1] with the submission of the motion for TRO [Dkt. No. 18], and by this Court's entry of the TRO [Dkt. No. 23], the above requirements for entry of a preliminary injunction have been satisfied. The record establishes that through Defendant's illegal operations, Defendant has infringed upon Plaintiff's Federally Registered Copyright. Thus, plaintiff is entitled to preliminary injunctive relief.

B.  The Current Bond is Sufficient to Protect Defendant's Interests.

The Court has previously required Plaintiff to post a bond in the sum of $1,000.00 in connection with issuance of the TRO [Dkt. No. 23 ¶ 8]. The exact same circumstances, if not more, supporting the Court's determination of this bond amount apply to Plaintiff's request for entry of a Preliminary Injunction. Such a strong showing militates against a subsequent finding that

4

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION

Case No. 1:26-cv-01066-AMP-MV

injunctive relief was improperly granted. Accordingly, Plaintiff requests the Court maintain the current bond amount required for issuance of the TRO for issuance of the preliminary injunction.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court enter a Preliminary Injunction as requested above. If required, a minute order setting a deadline for Defendant to oppose the Motion and set a hearing on same can be issued, which Plaintiff will immediately serve Defendant with the Minute Order if issued by the Court. Plaintiff additionally respectfully requests the Court maintain the current bond amount required under the TRO, together with issuing any other relief that it deems just and proper.

Dated: March 4, 2026

Respectfully submitted,

By: */s/ Joseph W. Droter*
Joseph W. Droter (IL Bar No. 6329630)
Katherine M. Kuhn (IL Bar No. 6331405)
**BAYRAMOGLU LAW OFFICES LLC**
233 S. Wacker Drive, 44th Floor #57
Chicago, IL 60606
Tel: (702) 462-5973 | Fax: (702) 553-3404
Joseph@bayramoglu-legal.com
Katherine@bayramoglu-legal.com
*Attorneys for Plaintiff*

MEMORANDUM OF LAW IN SUPPORT OF        Case No. 1:26-cv-01066-AMP-MV
MOTION FOR PRELIMINARY INJUNCTION

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 4th day of March 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail to any e-mail addresses with PDF documents of the same, provided by the Platform, Temu, that includes a link to said website.

By: */s/ Joseph W. Droter*
Joseph W. Droter (Bar No. 6329630)
Katherine M. Kuhn (Bar No. 6331405)
**BAYRAMOGLU LAW OFFICES LLC**
233 S. Wacker Drive, 44th Floor, #57
Chicago, IL 60606
Tel: (702) 462-5973 | Fax: (702) 553-3404
Joseph@bayramoglu-legal.com
Katherine@bayramoglu-legal.com
*Attorneys for Plaintiff*

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION

Case No. 1:26-cv-01066-AMP-MV